# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**GUY MANNINO**                                                                        **PETITIONER**

**VS.**                              **2:22-CV-00216-LPR-ERE**

**JOHN P. YATES, Warden**                                       **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**I.  Summary**

Pending before the Court is a 28 U.S.C. § 2241 habeas corpus petition filed by Petitioner Guy Mannino, who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. *Doc. 1*. Despite Mr. Mannino's assertion that the petition is not a challenge to his conviction and sentence, it is exactly that, and should be dismissed for lack of jurisdiction.

## II.   Background

In February 2016, a federal jury in Alaska convicted Mr. Mannino of three counts of solicitation to commit murder, in violation of 18 U.S.C. § 373. *United States v. Mannino*, No. 4:14-cr-00026-RRB (D. Alaska), *Doc. 92*. The court sentenced Mr. Mannino to 204 months in prison. *Id. at Doc. 109*. The Ninth Circuit affirmed Mr. Mannino's conviction, and the Supreme Court denied his petition for a writ of certiorari. *Id. at Doc. 138, 141*.

On March 4, 2019, Mr. Mannino filed a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *Id. at 142*. He asserted multiple claims of ineffective assistance counsel and trial-court error. On May 18, 2022, the sentencing court dismissed the § 2255 motion as meritless. *United States v. Mannino*, No. 4:14-CR-00026-RRB, 2022 WL 1597394, at *10 (D. Alaska May 19, 2022). On November 30, 2022, the Ninth Circuit dismissed Mr. Mannino's appeal. *Mannino*, No. 4:14-CR-00026-RRB, *Doc. 244*.

On December 5, 2022, Mr. Mannino filed the § 2241 habeas petition now before the Court. In his petition, Mr. Mannino asks the following:

> Does an offense of conviction under section 1114, protection of officers and employees of the United States, trigger and support a conviction under section 373 (Solicitation to commit a crime of violence) despite failing to satisfy the essential force clause of 18 U.S.C. [§] 16(a)?

*Doc. 1*. He contends that the answer is "No," which, according to him, means his "sentence has been improperly interpreted . . . ." *Doc. 1 at 2-3*.

### III. Discussion

The Court is required to conduct an initial review of a § 2241 habeas petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. When assessing a petition, the Court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)). Also, the Court is "obligated to consider *sua sponte*" whether it has subject-matter jurisdiction. *Lee v. Sanders*, 943 F.3d 1145, 1148 (8th Cir. 2019).

Typically, collateral challenges to a federal conviction or sentence must be raised in a § 2255 motion filed in the sentencing court, rather than in a § 2241 habeas petition filed in the court of incarceration. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010).[1] A limited exception to this rule is found in the "saving clause" of § 2255(e). The "saving clause . . . allows an inmate to file a habeas petition if he shows that the remedy by [a § 2255] motion . . . is inadequate or ineffective to test the legality of his detention." *Crayton v. United States*, 27 F.4th 652, 654-55 (8th Cir. 2022) (cleaned up). A petitioner may "seek relief under § 2241 if the petitioner

---

[1] Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

shows he had no earlier opportunity to present his claims. If the petitioner fails to carry this burden, the petition must be dismissed for lack of subject matter jurisdiction." *Id. at 655* (citations omitted).

Importantly, a "§ 2255 motion is not 'inadequate or ineffective' merely because: (1) § 2255 relief has already been denied, (2) [the] petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) [the] petitioner has allowed the one year statute of limitations and/or grace period to expire." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (cleaned up). In other words, a petitioner cannot file a § 2241 habeas petition simply because he can no longer pursue relief under § 2255.

In an attempt to avoid this jurisdictional hurdle, Mr. Mannino asserts that his "habeas petition is made to challenge the lawfulness and constitutionality of the execution of [his] sentence[] and is not a motion to challenge his conviction and sentence." *Doc. 1 at 1*. Mr. Mannino's disclaimer does nothing to alter the true nature of his petition. In arguing that "an offense of conviction under [§ 1114] does not support his section 373 offense[,]" (*Id. at 2*), Mr. Mannino attacks the validity of his conviction and sentence.[2]

---

[2] Mr. Mannino cites *United States v. Taylor*, 142 S. Ct. 2015 (2022), to support his argument. However, that case addressed whether aiding and abetting an attempted Hobbs Act robbery qualified as a crime of violence under 18 U.S.C. § 924(c)(3)(A). The case appears to be unrelated to Mr. Mannino's theory for relief. Nor does it address the jurisdictional issue.

Because Mr. Mannino's petition challenges the validity of his federal conviction and sentence, it could have been asserted on direct appeal or in the sentencing court under § 2255. The "saving clause" may not be invoked to raise an issue under § 2241 which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing court. *Lopez-Lopez*, 590 F.3d at 907.

### IV.  Conclusion

For the reasons set out above, the Court lacks subject matter jurisdiction under § 2241 to consider Mr. Mannino's challenge to the sentence imposed by the United States District Court for the District of Alaska.

IT IS THEREFORE RECOMMENDED THAT the petition for a writ of habeas corpus (*Doc. 1*) be DISMISSED, without prejudice.

Dated this 29th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE